[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17667
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23576-RNS

JERRY DANIEL FERGUSON,

Plaintiff-Appellant,

versus

WARDEN, EVERGLADES RE-ENTRY CENTER,
WILLIE BOWENS,
Supervisor of Classification, Everglades Re-Entry Center,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 1, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Jerry Ferguson, a prisoner proceeding *pro se*, appeals the *sua sponte* dismissal of his 42 U.S.C. § 1983 action, filed *in forma pauperis*, alleging a violation of his right to access the courts based on his inability to use the Everglades Re-Entry Center's law library.[1] He also appeals the District Court's denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the Court's order denying his § 1983 claim. However, Ferguson did not include the order denying his Rule 59(e) motion in his notice of appeal, so we lack jurisdiction to consider it. Fed. R. App. P. 4(a)(4)(B)(ii). We turn to the order dismissing his § 1983 action.

A court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review *de novo* a district court's dismissal for failure to state a claim, using the same standards that govern Rule 12(b)(6) dismissals. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To prevail in a § 1983 civil rights action, a plaintiff must prove that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

---

[1] The District Court's dismissal of Ferguson's § 1983 claim came in the form of an order adopting the Magistrate Judge's report and recommendation that the claim be dismissed.

2

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977). But there is no freestanding right to a law library, litigation tools, or legal assistance; a plaintiff must show "actual injury" in order to state a viable claim for interference with access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349, 351, 116 S. Ct. 2174, 2179–80 (1996). A plaintiff seeking to prove an access to the courts claim must identify in his complaint a nonfrivolous, arguable underlying claim for which he seeks relief. *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006). The injury requirement is satisfied when a plaintiff shows he was prejudiced in a criminal appeal, postconviction motion, or civil rights action in which he sought to "vindicate basic constitutional rights." *Lewis*, 518 U.S. at 354, 116 S. Ct. at 2181–82 (quotation omitted).

Ferguson summarily argues that had he been granted access to the prison's law library, he could have objected to a Magistrate Judge's report and recommendation that a habeas corpus petition filed by Ferguson be dismissed as time-barred and on the merits. But Ferguson failed to allege in his complaint here that, had he been given access to the prison law library, he could have nonfrivolously challenged the Magistrate's report and recommendation. He

3

therefore did not allege an actual injury.  Accordingly, the District Court did not

err in dismissing Ferguson's § 1983 claim.

**AFFIRMED.**